El Juez Asociado Señor Kolthoff Caraballo
emitió la opinión del Tribunal.
Este caso nos permite aclarar la norma establecida en Molina v. Supermercado Amigo, Inc., infra, sobre cómo ad-judicar una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil(1) en la que se plantea la falta de jurisdicción in personam sobre una corporación deman-dada no domiciliada.
Además, debemos expresarnos con relación a si un tribunal se puede negar a resolver una controversia ante su consideración porque esta Curia aún no ha pautado la norma aplicable a esa controversia particular.
Por entender que el Tribunal de Apelaciones erró en am-bas determinaciones, revocamos la sentencia recurrida. Veamos, pues, el cuadro fáctico que dio origen al caso ante nuestra consideración.
I
Las partes involucradas en este litigio son las peticiona-rias T.O.L.I.C. y Victory,(2) y las recurridas Oracle Corporation, Oracle Caribbean, Inc. (Oracle-Caribbean) y Oracle de Méjico, S.A. de C.V. (Oracle-Méjico). Victory —en repre-sentación de los intereses de su subsidiaria T.O.L.I.C.— preparó una solicitud de propuestas (request for proposals) para el desarrollo e instalación de un sistema de informá-tica con un enfoque en contabilidad y finanzas para la in-dustria de seguros. Oracle-Caribbean presentó sus pro-puestas y Victory las aceptó. Así, el 30 de marzo de 2000, *694 ambas compañías suscribieron un contrato para implantar el sistema de informática. (3)
Sin embargo, en abril de 2005, las peticionarias T.O.L.I.C. y Victory presentaron una demanda por incum-plimiento de contrato y otras causas de acción(4) en contra de Oracle Corporation, Oracle-Caribbean y Oracle-Méjico. En la demanda, las peticionarias plantearon —entre otros asuntos— que aunque el contrato lo firmó únicamente Victory y Oracle-Caribbean, en realidad Oracle Corporation fue la que negoció la mayor parte del contrato con T.O.L.I.C. Añadieron que Oracle Corporation y Oracle-Méjico fueron las que ejecutaron la mayoría de las tareas acordadas, ya que Oracle-Caribbean carecía de los recursos humanos y técnicos locales, y además dependía de Oracle Corporation por ser una subsidiaria subordinada de esta última.(5) De esta forma, las peticionarias pidieron al tribunal de instancia que dictara sentencia en contra de las demandadas Oracle Corporation, Oracle-Caribbean y Oracle-Méjico. A su vez, solicitaron la resolución del con-trato y la devolución de las prestaciones realizadas hasta ese momento, entre otras.(6)
Oracle-Caribbean contestó la demanda y presentó una reconvención. (7) Por su parte, y sin someterse a la jurisdic- *695 ción del tribunal de instancia, Oracle Corporation presentó una “Comparecencia especial y moción solicitando pró-rroga para contestar, alegar y/o presentar cualquier mo-ción preliminar y/o dispositiva en cuanto a la demanda”. En particular, indicó que era una corporación foránea que no estaba autorizada a hacer negocios en Puerto Rico, que fue incorporada según las leyes de Delaware y tenía su oficina principal en California. Además, especificó que el Departamento de Estado de Puerto Rico le envió una carta a su dirección en California, a la cual adjuntó copia de la demanda presentada por las peticionarias y el emplazamiento. Asimismo, adelantó que una de las defen-sas que podría presentar se relacionaba con “la posibilidad de. que no existan los contactos mínimos suficientes para que válidamente se pueda asumir jurisdicción in personam sobre Oracle [Corporation]”.(8)
Más adelante, y nuevamente sin someterse a la jurisdic-ción del foro de instancia, Oracle Corporation presentó una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III). Solicitó la desestimación de la demanda por no existir los contactos mínimos requeridos para asumir jurisdicción sobre la persona de Oracle Corporation y por dejar de exponer una reclamación que justifique la concesión de un remedio en ley. Además, pidió paralizar todos los procedimientos rela-cionados con Oracle Corporation hasta tanto se adjudicara la petición de desestimación.
En resumen, Oracle Corporation alegó que el tribunal de instancia no podía asumir jurisdicción sobre su persona, pues no tuvo participación en los eventos que fundamentan la demanda, no ha realizado negocios en Puerto Rico y no tiene contactos mínimos con nuestro foro.(9) Con su peti- *696 ción de desestimación, Oracle Corporation incluyó dos do-cumentos: una declaración jurada de Deborah K. Miller, identificada como “Consejero Senior” de la corporación, y una certificación expedida por el Registro de Corporaciones del Departamento de Estado de Puerto Rico.(10)
Y así, las peticionarias presentaron su oposición a la moción de desestimación de Oracle Corporation. Allí seña-laron que era patente que esa corporación hace negocios en Puerto Rico y así se refleja en el informe anual presentado por ésta ante la U.S. Securities and Exchange Commission (SEC) en el 2005.(11) En resumen, las peticionarias argu-mentaron que el tribunal de instancia debía asumir juris-dicción sobre Oracle Corporation por los contactos de ésta con Puerto Rico a través de su página de Internet. Asi-mismo, indicaron que ya sea de forma directa o indirecta, Oracle Corporation vende sus productos en Puerto Rico y, por lo tanto, tiene contactos mínimos con la Isla.(12) En consecuencia, las peticionarias solicitaron que el foro de instancia denegara la petición de desestimación de Oracle Corporation. En la alternativa, pidieron que se pospusiera la adjudicación de la moción hasta después de celebrar la vista en su fondo o se les permitiera realizar un descubri-miento de prueba limitado a la controversia jurisdiccional para luego presentar su oposición.
Junto al escrito de oposición, las peticionarias incluye-ron una declaración jurada del Sr. Nicolás Touma Correa (Principal Oficial Ejecutivo y Presidente de T.O.L.I.C. y Victory), copia del informe anual que presentó Oracle Corporation a la SEC en el 2005, copias de la página ciberné-tica de Oracle Corporation, y copias de varios artículos pu-blicados en los portales de la Universidad de Puerto Rico, Puerto Rico Herald y Zonai.com.
Otra vez, sin someterse a la jurisdicción del foro de ins- *697 tancia, Oracle Corporation replicó al escrito de oposición de las peticionarias. Allí reiteró que no existen los contactos mínimos requeridos por la cláusula del debido proceso de ley y mucho menos para demostrar que las causas de ac-ción expuestas en la demanda surgen o se relacionan con esos contactos mínimos.(13) Así, solicitó nuevamente la des-estimación de la demanda por falta de contactos mínimos para asumir jurisdicción sobre la compañía.
El tribunal de instancia celebró una vista argumenta-tiva para atender, entre otros asuntos, la petición de des-estimación de Oracle Corporation. Por último, ese foro de-negó la moción al determinar que estaba facultado para ejercer jurisdicción in personam sobre Oracle Corporation, ello luego de escuchar los argumentos de los abogados de las partes y evaluar los escritos y sus anejos. En particular, el tribunal de instancia expresó que de los autos se podía inferir razonablemente que Oracle Corporation: (1) hace negocios en Puerto Rico, directamente, a través de su pá-gina de Internet y a través de su subsidiaria, Oracle-Caribbean; (2) domina y controla la cadena de distribución, distribuye sus productos en Puerto Rico, directamente, a través de esa subsidiaria, y (3) anuncia sus productos en Puerto Rico, directamente, a través de su página de Internet.(14) A su vez, el foro de instancia indicó que, en el balance de intereses y a consecuencia de los adelantos tec-nológicos en la comunicación, no es irrazonable que se im-ponga la carga a Oracle Corporation de defenderse en Puerto Rico. Señaló, además, que sería injusto obligar a los consumidores puertorriqueños a presentar sus reclamacio-nes en California con todo lo que ello implica. (15)
Inconformes con la resolución del tribunal de instancia, Oracle-Caribbean y Oracle Corporation (esta última sin so-meterse a la jurisdicción del foro) presentaron ante el Tri *698 bunal de Apelaciones un recurso de certiorari en el que solicitaron la expedición del auto y la revocación de esa resolución. Mientras, las aquí peticionarias, T.O.L.I.C. y Victory, presentaron su alegato y solicitaron la confirma-ción de la decisión recurrida.
Así las cosas, el Tribunal de Apelaciones revocó la deter-minación del foro de instancia de ejercer jurisdicción in personam sobre Oracle Corporation y ordenó al tribunal de instancia que celebrara una vista evidenciaría para esta-blecer la jurisdicción conforme con los criterios expuestos en su sentencia. Esto fundamentado en su interpretación de la norma pautada en Molina v. Supermercado Amigo, Inc., 119 D.P.R. 330 (1987), y el hecho de que las afirma-ciones juramentadas de ambas partes en pro y en contra de la moción de desestimación presentada ante el foro de ins-tancia trababan una controversia de hechos material. En ese sentido, el foro apelativo intermedio sentenció lo si-guiente:
En síntesis, cuando se traba una controversia de hechos en cuanto al hecho material de los contactos específicos mínimos que confieren jurisdicción sobre una persona natural o jurídica ausente, como ocurrió en Ind. Siderúrgica, hay que celebrar vista evidenciaría. Cuando no hay controversia sobre los he-chos que confieren jurisdicción, como en Sterzinger vs Ramírez, no hay que celebrarla.(16)
Por otro lado, el Tribunal de Apelaciones señaló lo si-guiente con relación a la controversia de la existencia o no de contactos mínimos de la recurrida Oracle Corporation:
Este tribunal intermedio apelativo no sienta pautas normativas. Por consiguiente, mientras el Tribunal Supremo no paute otra cosa, no estamos en posición de resolver que la venta de productos a través del Internet sea suficiente base para establecer contactos mínimos. (Enfasis suplido.)(17)
*699 En desacuerdo con la decisión del Tribunal de Apelacio-nes, T.O.L.I.C. y Victory solicitaron reconsideración, mas ese foro denegó su petición. Así, las peticionarias recurrie-ron ante esta Curia mediante una solicitud de certiorari, en la que señalaron la comisión de los siguientes dos erro-res:

[.1] Erró el Tribunal de Apelaciones al negarse a adjudicar la controversia relativa a si pueden o no establecerse contactos mínimos con el foro puertorriqueño vía el internet, por enten-der que esa controversia sólo la puede adjudicar este Tribunal Supremo.

[2\ Erró el Tribunal de Apelaciones al interpretar que la juris-prudencia de este Tribunal Supremo exige que, en todos los casos que se discuta la jurisdicción in personam del deman-dado, hay que celebrar una vista evidenciaría. (Enfasis suplido.) Petición de certiorari, págs. 4-5.
Expedido el recurso, y con el beneficio de las compare-cencias de ambas partes, resolvemos.
II
A. La resolución de controversias en los tribunales de Puerto Rico
Como sabemos, la See. 2 del Art. V de nuestra Constitución dispone que los tribunales de Puerto Rico constituyen un sistema judicial unificado en cuanto a jurisdicción, funcionamiento y administración.(18) En referencia a esa disposición constitucional, el jurista José Trías Monge señaló que “[d] entro de la teoría de un sistema unificado, cualquier parte del sistema tiene jurisdicción para resolver una causa”. (Enfasis suplido.(19) Claro está, valga mencionar que dentro de la estructura organizacional judicial, tanto los tribunales de instancia como los apelativos *700 tienen funciones distintas y así lo establece la Ley de la Judicatura de Puerto Rico de 2003 (Ley de la Judicatura de 2003).(20)
A su vez, el Art. 7 del Código Civil(21) impone a todos los tribunales de Puerto Rico (a nivel municipal, superior y apelativo) la obligación de resolver conforme a equidad y a los principios generales del Derecho en aquellos casos en que exista oscuridad o lagunas jurídicas.(22) Conforme a ese artículo, hemos establecido que —entre otros asuntos— la función de los tribunales es interpretar y aplicar la ley a casos concretos, y llenar lagunas cuando las hay.(23)
En cuanto a la resolución de controversias a nivel apelativo, el Art. 4.006 de la Ley de la Judicatura de 2003(24) establece que el Tribunal de Apelaciones atenderá recursos de apelación, revisión judicial y certiorari, entre otros. (25) En particular, el auto de certiorari será expedido a discreción del Tribunal de Apelaciones y si ese foro decide expedir el recurso, entonces está obligado a atender y resolver en los méritos, de forma fundamentada, la controversia ante sí.
*701 B. La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil y la defensa de falta de jurisdicción sobre la persona
En nuestro ordenamiento jurídico, la Regla 10.2 de Procedimiento Civil, supra, permite que el demandado solicite la desestimación de la reclamación instada en su contra cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará. Sánchez v. Aut. de los Puertos, 153 D.P.R. 559, 569 (2001).
Tanto la Regla 10.2 de Procedimiento Civil de 1979(26) como la actual Regla 10.2 de Procedimiento Civil de 2009(27) establecen que cualquier defensa de hecho o de derecho que se tenga en contra de una reclamación se ex-pondrá en la alegación responsiva. Sin embargo, la parte contra quien se ha instado la demanda podrá optar por presentar una moción de desestimación en la que alegue cualquiera de las siguientes defensas: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio, y (6) dejar de acumular una parte indispensable.
En particular, la jurisdicción sobre la persona es “[e] 1 poder del tribunal para sujetar a una parte a su decisión”.(28) Es decir, es la autoridad de la corte para “emitir una decisión obligatoria para las partes declarando sus respectivos derechos y obligaciones”.(29)
*702 La Regia 10.8(a) de Procedimiento Civil(30) dis-pone que la defensa de falta de jurisdicción sobre la persona se entenderá renunciada: (1) si no se incluye en una moción de consolidación o acumulación de defensas, según la Regla 10.7 de Procedimiento Civil, o (2) si no se formula mediante una moción de desestimación ni se incluye en una alegación responsiva o mediante una enmienda que no requiera la autorización del tribunal conforme con la Regla 13.1 de Procedimiento Civil. De modo que la falta de jurisdicción sobre la persona es una defensa afirmativa a la que se puede renunciar expresa o tácitamente, según resolvimos en Márquez v. Barreto, 143 D.P.R. 137, 143 (1997).(31)
C. Las decisiones de Ind. Siderúrgica v. Thyssen Steel Caribbean, Sterzinger v. Ramírez y Molina v. Supermercado Amigo, Inc.
En 1983 resolvimos el caso Ind. Siderúrgica v. Thyssen Steel Caribbean, 114 D.P.R. 548 (1983), en el que determi-namos que la demandada-peticionaria Florida Steel Corporation (Florida Steel) se benefició de hacer negocios en Puerto Rico, por lo que ejercer jurisdicción sobre su persona no violaba la cláusula del debido proceso de ley. En ese caso, Industrial Siderúrgica (corporación local) de-mandó a Florida Steel (corporación foránea) y a otras dos corporaciones porque presuntamente éstas conspiraron para eliminarla del mercado en violación a la Ley de Mo-nopolios y Restricción del Comercio.(32)
Florida Steel solicitó al tribunal de instancia la desesti-mación de la demanda por falta de jurisdicción in perso-nam y negó que se hubiera aprovechado de algún privilegio en nuestro foro o que se hubiera sometido a la jurisdicción *703 local. Para fundamentar su petición, Florida Steel adjuntó una declaración jurada del vicepresidente de la compañía. Por su parte, Industrial Siderúrgica replicó y alegó que del descubrimiento de prueba surgía información relativa a que Florida Steel hacía transacciones de negocio en Puerto Rico y ello permitía a nuestros tribunales ejercer jurisdic-ción sobre la corporación. (33)
Entonces, sin celebrar vista, el foro de instancia denegó la moción de desestimación y Florida Steel recurrió ante esta Curia. En su alegato en oposición, Industrial Siderúr-gica nos presentó prueba que no tuvo la oportunidad de presentar ante el foro de instancia y, por excepción, la con-sideramos debido a que “de ser cierta daría suficiente base para el ejercicio de jurisdicción sobre ... Florida Steel”.(34) En aquella ocasión expresamos que el tribunal de instan-cia erró al descansar en la suficiencia de las alegaciones para establecer la jurisdicción sobre Florida Steel, ya que al menos debió requerir que Industrial Siderúrgica demos-trara que tenía prueba suficiente para justificar la jurisdic-ción y así garantizar el debido proceso de ley a la demandada. No obstante, indicamos que el error era incon-secuente porque el requisito había quedado cumplido ante este Foro.(35) De esa manera confirmamos la resolución recurrida.
Por su parte, en Sterzinger v. Ramírez, 116 D.P.R. 762 (1985), decidimos que un demandante no domiciliado en Puerto Rico se somete a la jurisdicción local cuando pre-senta una demanda ante nuestros tribunales y, por lo tanto, no puede alegar falta de jurisdicción in personam cuando se insta una reconvención en su contra en el mismo *704 pleito. Allí, el demandante-peticionario Richard Sterzinger (alemán y padre de una menor residente en Puerto Rico) presentó una demanda en la que solicitó que los tribunales de Puerto Rico reconocieran su derecho a relacionarse con su hija luego del divorcio con la madre de la menor.
Luego, la madre de la menor reconvino para solicitar un aumento de la pensión alimentaria, a lo que el padre se opuso aduciendo que los tribunales de Puerto Rico no te-nían jurisdicción sobre su persona porque él estaba domi-ciliado en Alemania. El foro de instancia no celebró vista y concluyó que sí había jurisdicción sobre su persona. Enton-ces, el padre de la menor recurrió ante este Foro y señaló que el tribunal de instancia erró al no celebrar una vista para determinar si había jurisdicción sobre la persona con-forme a Ind. Siderúrgica v. Thyssen Steel Caribbean, supra. Así las cosas, confirmamos al foro de instancia y resolvimos que el peticionario se sometió a la jurisdicción local y, por consiguiente, procedía considerar la solicitud de aumento de pensión alimentaria. (36)
Mientras, en 1987 atendimos Molina v. Supermercado Amigo, Inc., supra. Allí resolvimos que el tribunal de ins-tancia no erró al denegar la petición de desestimación por falta de jurisdicción sobre la persona de un tercero deman-dado no domiciliado en Puerto Rico. Específicamente, de-terminamos que el demandante contra tercero demostró, prima facie, mediante declaraciones juradas y documentos, la existencia de hechos que acreditaban esa jurisdicción.
En ese caso se presentó una reclamación de daños y *705 perjuicios en la que se adujo que uno de los demandantes había sufrido daños cuando se tragó un pedazo de lata al ingerir una sopa de calamares. Entre los demandados es-taban Conservas Carballo, S.A. (Conservas) (empresa es-pañola dedicada a enlatar y exportar alimentos) y Colón Brothers (compañía que distribuyó al supermercado el pro-ducto que causó daño).
Conservas solicitó la desestimación por falta de jurisdic-ción sobre su persona y los demandantes se opusieron. Así, el tribunal de instancia declaró “con lugar” la moción de Conservas y luego Colón Brothers presentó una demanda contra tercero para traer nuevamente a Conservas al pleito, alegando que ésta era la única responsable de los daños porque preparó y envasó el producto. Entonces, Con-servas pidió la desestimación de la demanda contra tercero al alegar que no existían los contactos mínimos necesarios con el foro y adjuntó una declaración jurada del presidente de la compañía. Mientras, Colón Brothers se opuso al re-clamo de Conservas y adjuntó varios documentos junto a su oposición. (37)
Por último, sin celebrar vista, luego de evaluar las ale-gaciones, los documentos, las declaraciones juradas y otras constancias de los autos, el foro de instancia declaró “sin lugar” la moción de desestimación de Conservas, la cual recurrió a esta Curia. En esa ocasión confirmamos al tribunal de instancia y ordenamos que Colón Brothers debía demostrar por preponderancia de la prueba que existía ju-risdicción sobre la persona de Conservas, ello —según la discreción del tribunal— en una vista evidenciaría sobre el asunto jurisdiccional o en el juicio en su fondo.
Es menester comenzar señalando que en Molina v. Supermercado Amigo, Inc., supra, enfatizamos que el tri *706 bunal de instancia tiene gran discreción sobre cómo proce-der cuando se plantee la defensa de falta de jurisdicción sobre la persona, ya sea mediante alegación responsiva o en una moción de desestimación.(38) En particular, desarrolla-mos un esquema de cuatro alternativas para que el foro de instancia seleccione cómo proceder cuando un demandado impugna la jurisdicción sobre su persona a través de una petición de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, supra. El tribunal de instancia puede: (1) simplemente evaluar la moción considerando solo las alegaciones de la demanda; (2) si se adjuntan documentos y declaraciones juradas, analizar éstos conjuntamente con las alegaciones y los documentos y contradeclaraciones ju-radas que presente el demandante en su oposición; (3) se-ñalar vista preliminar evidenciaría (decisión motu proprio o a solicitud de parte), o (4) posponer la cuestión para de-cidirla después de la vista en su fondo al resolver el caso.(39)
En caso de que el foro de instancia opte por la segunda alternativa, para prevalecer, el demandante tendrá que presentar documentos y contradeclaraciones juradas que acrediten, prima facie, hechos que demuestren que existe jurisdicción sobre el demandado no domiciliado.(40) Si el tribunal de instancia determina que se ha demostrado prima facie el requisito de jurisdicción sobre la persona del de-mandado, entonces se derrota la petición de desestimación, pero ello “no releva al promovente de la acción de demos-trar, mediante la preponderancia de la prueba, en el juicio en su fondo, que dicha jurisdicción existe”. (Enfasis suplido.)(41) En nuestra exposición en Molina v. Supermer- *707 cado Amigo, Inc., supra, dejamos claro que “avalamos el procedimiento de requerir una demostración prima facie para resolver este tipo de moción [de desestimación], en lu-gar de requerir en todo caso una vista evidenciaría”. (Enfa-sis suplido. )(42)
III
A. Para seguir una secuencia lógica en nuestras deter-minaciones y expresiones, atenderemos primeramente el segundo error planteado. En éste, las peticionarias indican que el foro apelativo intermedio erró al revocar la resolu-ción recurrida y ordenar la celebración de una vista evi-denciaría al interpretar erróneamente que en Ind. Siderúrgica v. Thyssen Steel Caribbean, 114 D.P.R. 548 (1983), se dispone que siempre hay que celebrar una vista evidencia-ría para adjudicar asuntos relativos a la jurisdicción in personam. Por su parte, las recurridas esbozan que el Tribunal de Apelaciones no erró al ordenar la vista evidencia-ría porque entendía que existía una controversia sobre el hecho material de los contactos mínimos que confieren ju-risdicción in personam y, por lo tanto, había que celebrar una vista evidenciaría para adjudicar ese asunto.
En primer lugar, y como señalamos, nuestras expresio-nes en Molina v. Supermercado Amigo, Inc., supra, fueron sumamente claras en el sentido de que el foro de instancia tiene gran discreción sobre cómo proceder cuando se plan-tea la defensa de falta de jurisdicción sobre la persona. En ese sentido señalamos que si el demandado decide impug-nar la jurisdicción in personam mediante una petición de desestimación al amparo de la Regla 10.2 de Procedi-miento Civil, supra, entonces el tribunal de instancia —en *708 su discreción— puede seleccionar una de las cuatro alter-nativas allí esbozadas.(43)
Ahora bien, es importante aclarar que aunque Molina v. Supermercado Amigo, Inc., supra, no excluye la necesidad de que el asunto de la jurisdicción in personam en casos como el de autos se atienda en una vista evidenciaría, sí permite al foro de instancia decidir cuándo es más conve-niente recibir ese tipo de prueba. En ningún momento esta-blecimos en dicho caso que cuando existe controversia real en cuanto al hecho material de los contactos mínimos es-pecíficos que confieren jurisdicción sobre urna persona natural o jurídica ausente, es necesario celebrar una vista evidenciaría para resolver prima facie una moción de des-estimación al amparo de la Regla 10.2 de Procedimiento Civil, supra.
En el caso ante nuestra consideración, el tribunal de instancia utilizó su discreción y escogió la segunda alter-nativa que establece Molina v. Supermercado Amigo, Inc., supra. Es decir, decidió evaluar los documentos y las decla-raciones juradas que presentó la parte demandada (las re-curridas Oracle Corporation y Oracle-Caribbean) para así analizarlos junto a las alegaciones, los documentos y las declaraciones juradas presentadas por la parte deman-dante (las peticionarias T.O.L.I.C. y Victory) en su oposición. Por último, el tribunal de instancia concluyó que, por la totalidad de las circunstancias del caso, estaba facultado para ejercer jurisdicción in personam sobre Oracle Corporation. Esto significa que el foro de instancia en-tendió que T.O.L.I.C. y Victory demostraron de forma prima facie la existencia de hechos acreditativos de la ju-risdicción sobre la persona de Oracle Corporation, por lo que se derrotó la moción de desestimación presentada por esta última.
Muy bien el tribunal de instancia, en su discreción, *709 pudo haber seleccionado cualquiera de las cuatro vías que esbozamos en Molina v. Supermercado Amigo, Inc., supra, incluso la alternativa de señalar una vista preliminar evidenciaría. Sin embargo, escogió la opción de examinar los documentos y las declaraciones juradas que presenta-ron ambas partes.
Ahora bien, como establecimos en Molina v. Supermercado Amigo, Inc., supra, una vez se declara “no ha lugar” —por la evidencia prima facie— la moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, supra, entonces es necesario que en su momento el tribunal de instancia resuelva el asunto jurisdiccional de manera definitiva y a base de la preponderancia de la prueba. Ese proceso se puede dar una vez finalice el descubrimiento de prueba en una vista evidenciaría aparte sobre la cuestión jurisdiccional o durante la vista del caso en su fondo.
Como sabemos, es una norma firmemente establecida que, de ordinario, los tribunales apelativos no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. Lluch v. España Service Sta., 117 D.P.R. 729, 745 (1986). Luego de examinar las circunstancias particulares del presente caso, concluimos que no hubo abuso de discreción, prejuicio, error manifiesto o parcialidad en la decisión interlocutoria discrecional del foro de instancia de no celebrar una vista evidenciaría en este caso. Ahora bien, ello no es óbice para que el foro apelativo intermedio se vea impedido de revisar en los méritos el dictamen sobre la jurisdicción en la persona de Oracle Corporation.
Por lo anterior, determinamos que el Tribunal de Apela-ciones erró al ordenar una vista evidenciaría bajo el su-puesto de que se había trabado una controversia de hechos sobre el hecho material de los contactos mínimos que con-fieren jurisdicción in personam sobre un demandado no do- *710 miciliado, en este caso Oracle Corporation. Conforme a Molina v. Supermercado Amigo, Inc., supra, el foro de instancia tenía discreción para proceder de acuerdo con al-guna de las cuatro alternativas mencionadas, tal como lo hizo, y ello sin tener que considerar como un factor deter-minante, en esa etapa, la existencia o no de una controver-sia sobre el hecho material de los contactos mínimos que confieren jurisdicción sobre Oracle Corporation.
B. Atendemos, entonces, el primer error esbozado, esto es, que el Tribunal de Apelaciones se equivocó al negarse a adjudicar la controversia relativa a si pueden establecerse o no contactos mínimos con el foro puertorriqueño a través del Internet, esto porque esa controversia solo la puede adjudicar esta Curia. Sobre dicho asunto, las peticionarias plantean que tanto los foros administrativos como los tribunales de Puerto Rico (a nivel municipal, superior y ape-lativo) pueden adjudicar controversias de naturaleza novel como la antes mencionada. Les asiste claramente la razón.
Ciertamente, el Tribunal Supremo de Puerto Rico es el intérprete final de la Constitución y las leyes en nuestro ordenamiento jurídico y, en el ejercicio de esa función, tiene la responsabilidad constitucional de pautar el Derecho que regirá en el País. No obstante, ello no releva a los tribunales de instancia y al foro apelativo intermedio de su función de adjudicar las controversias que tengan ante su consideración en espera de que esta Curia se ex-prese sobre la norma de derecho aplicable a una controversia particular.
Es cierto que el Tribunal de Apelaciones no sienta pau-tas normativas en nuestra jurisdicción. Sin embargo, y como señalamos en Domínguez Castro et al. v. E.L.A. I, 178 D.P.R. 1, 15-16 (2010), “a los jueces no nos puede dominar el temor a decidir”(44) —y ahora añadimos— aunque lo que decidamos nunca antes se haya resuelto. Por consiguiente, *711 tanto los jueces apelativos como los jueces de instancia tie-nen la obligación de atender las controversias que se les presenten, incluso aquellas que se presenten por primera vez.
Por lo anterior, determinamos que el Tribunal de Apela-ciones erró al negarse a resolver la controversia señalada debido a que esta Curia aún no ha pautado la normativa aplicable al asunto particular.
IV
Por las razones antes expresadas, se revoca la decisión del Tribunal de Apelaciones y se devuelve el caso a ese foro para que atienda la controversia relativa a si, prima facie, se establecieron contactos mínimos con el foro puertorri-queño a través del Internet de forma tal que se pueda ejer-cer jurisdicción in personam sobre Oracle Corporation.

Se dictará sentencia de conformidad.

El Juez Presidente Señor Hernández Denton
hizo cons-tar la expresión siguiente:
El Juez Presidente Señor Hernández Denton está conforme con revocar la decisión del Tribunal de Apelaciones. No obs-tante, devolvería el caso al Tribunal de Primera Instancia para la continuación de los procedimientos. En esta etapa de los procedimientos, el foro de primera instancia no ha adjudi-cado si se establecieron contactos mínimos con nuestro foro a través del Internet o de otra forma. Una vez ese foro resuelva el asunto de jurisdicción de forma definitiva y por preponde-rancia de la prueba, el Tribunal de Apelaciones podrá exami-nar la prueba sobre los contactos mínimos de Oracle Corporation. Por todo lo anterior, es prematuro que el Tribunal de Apelaciones adjudique un asunto sin tener la prueba necesaria y que, además, podría ser innecesario si se presenta prueba sobre los contactos mínimos de otra forma.
La Juez Asociada Señora Rodríguez Rodríguez no interviene.

 Esta regla se expresa en iguales términos, tanto en las Reglas de Procedi-miento Civil de 1979 (32 L.P.R.A. Ap. III) como las del 2009 (32 L.P.R.A. Ap. V).

 Según surge de la Demanda, Victory Insurance Corporation (Victory) es “la empresa matriz y dueña de todas las acciones de TOLIC”. Apéndice de la Petición de certiorari, pág. 90.

 En la misma fecha, Victory cedió a T.O.L.I.C. todos los derechos y las obliga-ciones que le confería ese contrato.

 Las causas de acción alegadas en la demanda son: (1) dolo, fraude o negli-gencia en el cumplimiento de las obligaciones contractuales y resolución de contrato bajo el Art. 1077 del Código Civil, 31 L.P.R.A. sec. 3052; (2) daños y peijuieios cau-sados por el fraude, dolo o negligencia en el cumplimiento de las obligaciones con-tractuales de acuerdo con el Art. 1054 del Código Civil, 31 L.P.R.A. sec. 3018; (3) daños y perjuicios ocasionados por el incumplimiento contractual de las demanda-das, según el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, y (4) mala fe y temeridad.

 Apéndice de la Petición de certiorari, pág. 94.

 La suma total de las partidas reclamadas por las peticionarias asciende a $32,025,000.

 En síntesis, Oracle Caribbean, Inc. (Oracle-Caribbean) negó cualquier res-ponsabilidad por los hechos alegados en la demanda y adujo que las peticionarias no cumplieron con las responsabilidades acordadas en el contrato. Además, solicitó al foro de instancia que desestimara la demanda con perjuicio, declarara “con lugar” la reconvención y ordenara a las peticionarias el pago de las sumas solicitadas, más *695 costas, gastos y honorarios de abogado. Así también, las peticionarias replicaron a la reconvención de Oracle-Caribbean.

 Apéndice de la Petición de certiorari, pág. 301.

 íd., pág. 357.

 íd., págs. 377-380.

 íd., pág. 456.

 íd., pág. 457.

 íd., pág. 688.

 íd., pág. 823.

 íd.

 Véase Apéndice de la Petición de certiorari, pág. 18.

 íd., págs. 15-16.

 Art. V, Sec. 2, Const. E.L.A., L.P.R.A., Tomo 1.

 J. Trías Monge, El sistema judicial de Puerto Rico, San Juan, Ed. Universitaria, 1978, pág. 136.

 Ley Núm. 201-2003 (4 L.P.R.A. sec. 24 et seq.).

 31 L.P.R.A. sec. 7.

 Véase Carattini v. Collazo Syst. Analysis, Inc., 158 D.P.R. 345, 360 (2003).

 Carattini v. Collazo Syst. Analysis, Inc., supra. Véase, además, Collazo Cartagena v. Hernández Colón, 103 D.P.R. 870, 874 (1975).

 Ley Núm. 201-2003 (4 L.P.R.A. sec. 24y).

 En el caso de la apelación, una vez se satisfagan los requisitos de jurisdic-ción y perfeccionamiento del recurso, el tribunal apelativo intermedio está obligado a atender y resolver en los méritos, de forma fundamentada, la controversia planteada. Véase Soc. de Gananciales v. García Robles, 142 D.P.R. 241, 252 (1997). Mientras, el recurso de revisión judicial se acogerá como cuestión de derecho siempre y cuando se cumplan los requisitos de jurisdicción y perfeccionamiento del recurso, y así el Tribunal de Apelaciones lo atenderá en los méritos. Refiérase al Art. 4.006 de la Ley de la Judicatura de 2003, Ley Núm. 201-2003 (4 L.P.R.A. sec. 24y).

 32 L.P.R.A. Ap. III.

 32 L.P.R.A. Ap. V.

 R. Hernández Colón, Derecho Procesal Civil, 5ta ed., San Juan, Lexisnexis, 2010, pág. 40.

 J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, [s. Ed.], 2010, pág. 25.

 32 L.P.R.A. Ap. III y 32 L.P.R.A. Ap. V.

 Véase, además, López v. J. Gus Lallande, 144 D.P.R. 774, 794 (1998).

 Ley Núm. 77 de 25 de junio de 1964, según enmendada, 10 L.P.R.A. sec. 257 et seq.

 En particular, Industrial Siderúrgica expuso que Florida Steel conocía que su producto iba dirigido a Puerto Rico, en ocasiones vendió su producto directamente a Industrial Siderúrgica y claramente realizó ventas sustanciales en la Isla.

 Ind. Siderúrgica v. Thyssen Steel Caribbean, 114 D.P.R. 548, 552 (1983).

 íd., pág. 556.

 En referencia a lo resuelto en Ind. Siderúrgica v. Thyssen Steel Caribbean, supra, relacionado a que el tribunal de instancia erró al declarar “sin lugar” la peti-ción de desestimación sin celebrar vista, indicamos que en aquel caso “Muestra expresión se debió a que existía una controversia de hechos sobre si la demandada había realizado o no transacciones de negocios en Puerto Rico y resolvimos que debió permitírsele presentar evidencia para probar su alegación”. No obstante, expusimos que por los hechos de Sterzinger v. Ramírez, 116 D.P.R. 762, 788 (1985), “no era necesaria la celebración de vista por no existir controversia sobre los hechos que se alegan confieren jurisdicción al tribunal”.

 Específicamente, incluyó información sobre embarque, comunicaciones por cable ultramarino entre las dos empresas y reseñas de periódicos locales sobre la relación comercial entre ambas compañías.

 Molina v. Supermercado Amigo, Inc., 119 D.P.R. 330, 337 (1987).

 íd., pág. 338.

 Para una exposición sobre qué procede con las demás alternativas, véase Molina v. Supermercado Amigo, Inc., supra, págs. 338-341.

 íd., pág. 340.

 íd., pág. 343.

 Para una exposición sobre las cuatro opciones que tiene el tribunal de ins-tancia, refiérase al subacápite C del Acápite II de esta Opinión.

 íd., págs. 15-16.